UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LADARREON AUSTIN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-363-JTM-JEM |
| JORDAN JOSTES, et al., | |
| Defendants. | |

## OPINION and ORDER

Ladarreon Austin, a prisoner without a lawyer, filed a complaint. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Austin alleges he was subjected to excessive force on September 19, 2023, while incarcerated at the Miami Correctional Facility.[1] Specifically, he claims Sgt. Jordan Jostes and Correctional Officer B. Wells opened the door to his cell and asked him to give them his property "which was wrapped in a blanket on [his] bed." (DE # 1 at 2.)

---

[1] He has since been transferred to the Westville Correctional Control Unit. *See* ECF 2 at 1.

Austin refused, so the officers ordered him to turn around and cuff up. As Austin was in the process of complying, Sgt. Jostes and Officer Wells grabbed him and began to kick and punch him in the face. He was eventually handcuffed, and Austin's body "collapsed." *Id*. Officer Wells then placed him in a chokehold, and Sgt. Jostes began kneeing Austin in his face, head, and arms. Sgt. Jostes placed his forearm on Austin's neck until he fainted. Austin has sued Sgt. Jordan Jostes, Correctional Officer B. Wells, and "Liu. (of housing unit on the date)" for monetary damages.[2]

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Deference is given to prison officials when the use of force involves security measures taken to quell a disturbance because "significant risks to the safety of inmates and prison staff" can be involved. *McCottrell*, 933 F.3d at 663 (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)). Jails are dangerous places, and security officials are tasked with the difficult job of preserving order and discipline among inmates. *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009). It is important that prisoners follow orders given by guards. *Id*. at 476-77 (citing *Soto v.*

---

[2] He also seeks an injunction "to prevent this from happening to other inmates." (DE # 1 at 4.) However, Austin is no longer at the Miami Correctional Facility, and he has not plausibly alleged injunctive relief would be an appropriate remedy in this case.

2

*Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984)). To compel compliance—especially in situations where officers or other inmates are faced with threats, disruption, or aggression—the use of summary physical force is often warranted. *Id.* at 477 (citing *Hickey v. Reeder*, 12 F.3d 754, 759 (8th Cir. 1993)). That is not to say, however, that such justification exists "every time an inmate is slow to comply with an order." *Lewis*, 581 F.3d at 477. Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Hendrickson*, 589 F.3d at 890.

Here, Austin alleges the officers used force that caused him serious injuries. He alleges they began beating him as he was attempting to comply with their orders and continued doing so even after he was fully compliant and handcuffed. Although further investigation may reveal the force used was legitimate under the circumstances, at this preliminary stage—and giving Austin the benefit of the inference to which he is entitled—he has stated plausible Eighth Amendment excessive force claims against the officers.

He has also sued "Liu." of the housing unit on the date of the incident for failing to protect him during the other officers' use of excessive force.

> An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring.

3

*Doxtator v. O'Brien*, 39 F.4th 852, 864 (7th Cir. 2022) (quoting *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). This is what has become known as a "failure to intervene" basis for a constitutional violation. *Fillmore v. Page*, 358 F.3d 496 506 (7th Cir. 2004). A "realistic opportunity to intervene" may exist whenever an officer could have "called for a backup, called for help, or at least cautioned [the excessive force defendant] to stop." *Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005).

Here, Austin provides zero details about the Liu's actions or inaction. His conclusory allegations do not state a plausible claim. *See e.g., Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") (emphasis in original). Moreover, to the extent Austin is attempting to hold the Liu liable based solely on his or her supervisory status, he may not do so. *See e.g., Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) (liability under 42 U.S.C. § 1983 is based on personal responsibility and that prison officials cannot be held liable for damages solely because they hold supervisory positions); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (same). Thus, he hasn't stated a claim against Liu.

For these reasons, the court:

(1) **GRANTS** Ladarreon Austin leave to proceed against Sgt. Jordan Jostes and Correctional Officer B. Wells in their individual capacities for compensatory and

punitive damages for subjecting his to excessive force on September 19, 2023, in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Liu (of housing unit on date);

(4) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. Jordan Jostes and Correctional Officer B. Wells at the Indiana Department of Correction, with a copy of this order and the complaint (DE # 1);

(5) **ORDERS** the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Sgt. Jordan Jostes and Correctional Officer B. Wells to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: May 8, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT